Evaristo Valentín, demandante y recurrido, *v.* Julio Vargas Rosado, The Porto Rican and American Insurance Company, demandados y recurrentes.

*Número:* 32     *Resuelto:* 29 de junio de 1962

*Córdova & González* y *Héctor Martínez Muñoz,* abogados de los recurrentes; *J. Alemañy Sosa,* abogado del recurrido.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Dávila.

PER CURIAM: Este pleito se inició en el Tribunal de Distrito, Sala de Mayagüez. El dueño de un automóvil dedicado al servicio público demandó al anterior dueño de un camión a nombre de quien aparecía registrado en el Departamento de Obras Públicas y a la compañía aseguradora para recobrar los daños sufridos por su vehículo con motivo de una colisión con el camión. Antes de celebrarse el juicio, fue incluido otro demandado, el verdadero dueño del camión a la fecha en que ocurrió el accidente. La póliza cubría a este último y al dueño anterior. El demandado últimamente incluido no contestó la demanda y se le anotó la rebeldía.

La acción fue desestimada. Apeló para ante el Tribunal Superior.

Perfeccionando el recurso, el juez superior devolvió el caso al tribunal de distrito para que se "amplíe la Conclusión de Hecho Núm. 3 en lo referente a las circunstancias bajo las cuales estos vehículos en este accidente se enfrentaron en esa curva" y para que "proceda [a] hacer conclusiones específicas en cuanto a los siguientes extremos:

"1.—Ancho de la carretera en el sitio donde ocurrió el accidente.

"2.—Trayectoria de la curva en relación con la dirección que llevaban los vehículos.

"3.—Posición de los vehículos en relación con el centro de la carretera al momento de ocurrir el impacto.

"4.—Condiciones de los frenos del truck propiedad de los demandados."

Dispuso que "[e]l Tribunal de Distrito deberá celebrar una vista adicional para permitir a las partes presentar prueba adicional sobre estos extremos". Luego dictó una resolución al efecto de que "el Tribunal de Distrito deberá celebrar una vista adicional en el caso únicamente si lo cree necesario para poder ampliar sus conclusiones de hecho en cuanto a los extremos indicados en la orden dictada...".

El Tribunal de Distrito celebró una vista y recibió prueba. Al formular las conclusiones adicionales que le requirió el Tribunal Superior, se expresó así:

"El Tribunal en el ejercicio de su discreción señaló el día 8 de mayo para la celebración de la vista antes mencionada. En ese día las partes comparecieron representadas por sus respectivos abogados de record. La demandada se opuso a que el Tribunal recibiera prueba adicional por entender que ello es improcedente en derecho.

"Hecha la constancia correspondiente de esta oposición el Tribunal oyó la prueba que ha servido de base para estas Conclusiones Adicionales y las que se formulan a continuación:

"1.—El ancho de la carretera es de aproximadamente 26

pies, incluyendo el afirmado de piedra a los lados, y la parte embreada de la carretera es de solo 16 pies.

"2.—La trayectoria de la curva en la dirección que transitaba el vehículo De Soto, es hacia la izquierda y en la dirección del camión, hacia la derecha.

"3.—Ambos vehículos discurrían por sus respectivas derechas y al ocurrir el impacto el De Soto iba por su derecha y el camión se deslizó hacia su izquierda.

"4.—Las condiciones de los frenos del camión propiedad de los demandados no fue el factor causante del accidente. La evidencia aportada por los demandados a este respecto no convence al Tribunal."

El Tribunal Superior, al fallar en apelación, se expresó en el sentido de que "somos de opinión que a base [de] las propias conclusiones originales y adicionales formuladas por dicho Magistrado en su sentencia es inescapable la conclusión de que el accidente ocurrido en este caso se debió únicamente y exclusivamente a la negligencia del chofer del camión propiedad del demandado Julio Vargas Rosado...".

Fundándose no sólo en las conclusiones originales del juez que conoció del caso en el Tribunal de Distrito, sino que también en las adicionales que formuló al amparo de la orden dictada por el Tribunal Superior, se revocó la sentencia apelada y se dictó otra declarando con lugar la demanda. Los demandados solicitaron auto de certiorari para revisarla. Lo expedimos.

Consideremos la actuación del Tribunal Superior devolviendo el caso al de Distrito para que formulara conclusiones adicionales y recibiera prueba si lo creyere conveniente. ■

La actuación del Tribunal Superior al devolver el caso al Tribunal de Distrito para que hiciera conclusiones específicas sobre determinados extremos, con autoridad para celebrar una vista para recibir prueba adicional si lo creyere conveniente, equivale a concederle un nuevo juicio sin que concurran las circunstancias que justifiquen la concesión del mismo. Ver Regla 48.1 de las de Procedimiento Civil de 1958. No encontramos justificación alguna para que el tri-

bunal apelativo ordene la celebración de una nueva vista para recibir prueba adicional que si existía, debió ser presentada durante la vista original del caso. Ya hemos visto que en el presente caso, el Tribunal de Distrito recibió nueva prueba, y fundándose en esa prueba formuló nuevas conclusiones que le sirvieron de base al tribunal recurrido para dictar la sentencia revocando la apelada. ■

Habiéndose cometido el error de recibir prueba adicional para ampliar las determinaciones de hechos formuladas por el Tribunal de Distrito, procede considerar la sentencia que dictó dicho tribunal tomando en consideración sólo las determinaciones de hechos originales y la prueba en que se fundaron.

El Tribunal de Distrito al fallar el caso determinó "que la causa próxima e inmediata de dicho accidente fue el haber patinado el camión mientras era conducido cuidadosamente". Hemos examinado la prueba que tuvo ante sí el juez de distrito, y esa conclusión encuentra apoyo en la misma.

*Procede por tanto, revocar la sentencia que dictó el Tribunal Superior declarando con lugar la demanda.*